UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE BOWMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>ADAMS & ASSOCIATES, INC., et al.,<br><br>        Defendants. | No. 2:18-cv-00472-TLN-KJN<br><br>**ORDER** |

       This matter is before the Court on Defendant Adams & Associate, Inc.'s ("Defendant") Motion for Judgment on the Pleadings. (ECF No. 8.) Plaintiff Lee Bowman ("Plaintiff") filed an opposition. (ECF No. 9.) Defendant filed a reply. (ECF No. 10.) For the reasons set forth below, the Court GRANTS Defendant's motion with leave to amend.

///
///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is an African American woman. (ECF No. 1-1 at 12.) On February 4, 2002, Defendant's predecessor hired Plaintiff at the Sacramento Job Corps ("Job Corps"). (*Id.* at 8.) Job Corps is a federally sponsored training program, which provides economically disadvantaged young people with technical and academic training at no cost. (*Id.*) In March 2014, Defendant became the new managing corporation for Job Corps and hired Plaintiff for a lateral position. (*Id.*) During the initial months of Defendant's operation of Job Corps, Plaintiff alleges its management targeted older, minority, union employees for excessive discipline and termination. (*Id.*) Plaintiff also alleges Kelly McGillis, the Center's director, specifically asked other employees if Plaintiff was "union friendly." (*Id.*)

In January 2015, Plaintiff alleges she testified before the National Labor Relations Board ("NLRB") in an action brought by several union members. (*Id.*) Prior to testifying, Plaintiff alleges Defendant's attorneys met with her and attempted to influence her testimony by telling her to deny any improper or illegal actions against union members. (*Id.*) Defendant's personnel allegedly implied that Plaintiff would be subject to retribution in her continued employment if she refused to change her testimony. (*Id.* at 9.) Despite Defendant's alleged efforts to dissuade her, Plaintiff testified before the NLRB about Defendant's anti-union conduct and unfair treatment of employees based on protected classifications. (*Id.*)

Plaintiff alleges Defendant's management treated her with immediate hostility following her testimony. (*Id.*) On March 9, 2015, Plaintiff received her annual evaluation and was informed she was failing in her position. (*Id.*) When Plaintiff asked about the specifics and documentation, management failed to provide details of specific incidents or warnings from the previous year. (*Id.*) Plaintiff informed management she was concerned her performance evaluations were being altered with false allegations in retaliation for her testimony. (*Id.*) Subsequently, Plaintiff filed harassment and retaliation complaints against Defendant for her evaluation and asserted she was being targeted for testifying against Defendant. (*Id.*)

Shortly after filing her complaints, Plaintiff had a health emergency and took a medical leave of absence. (*Id.*) In June 2015, Plaintiff was approved to return to work with the

accommodation of the use of a scooter, but Plaintiff alleges Defendant denied her return to work. (*Id.*) Plaintiff alleges she was unable to return to her position or have an open, interactive process about her accommodations until August 2015. (*Id.*)

Plaintiff alleges she filed a workers' compensation claim upon her return to work and faced greater hostility. (*Id.*) When Plaintiff attempted to speak to management about the hostile work environment and management's failure to accommodate her, Defendant's personnel denied any failure to accommodate and reiterated Plaintiff's failing job performance. (*Id.*)

Plaintiff alleges she spoke to management and repeatedly asserted she believed she was being targeted with false performance evaluations as a pretext for retaliatory and discriminatory practices. (*Id.* at 10.) Plaintiff alleges Defendant did not investigate her complaints. (*Id.*) Defendant terminated Plaintiff's employment on December 5, 2015, and Plaintiff alleges her termination was in retaliation for her testimony and based on her race, health condition, and support of other union employees. (*Id.*)

Plaintiff filed her Complaint against Defendant on March 28, 2017, in Sacramento County Superior Court. (*Id.* at 6.) On March 2, 2018, Defendant removed the action to this Court based on diversity jurisdiction. (ECF No. 1.) On May 7, 2018, Defendant filed the instant motion for judgment on the pleadings contending that Plaintiff fails to state any claim on which relief can be granted. (ECF No. 8.)

**II.   STANDARD OF LAW**

Federal Rule of Civil Procedure 12(c) provides "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The issue presented by a Rule 12(c) motion is substantially the same as that posed in a 12(b) motion — whether the factual allegations of the complaint, together with all reasonable inferences, state a plausible claim for relief. *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054–1055 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

3

In analyzing a 12(c) motion, the district court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Ventress v. Japan Airlines*, 603 F.3d 676, 681 (9th Cir. 2010). Courts have the discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment. *See Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004); *Carmen v. S.F. Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997).

**III.    ANALYSIS**

Plaintiff alleges nine claims for violations of the California Fair Employment and Housing Act ("FEHA") and common law: (1) disability discrimination; (2) race discrimination; (3) wrongful termination in violation of public policy; (4) retaliation; (5) harassment; (6) failure to prevent discrimination; (7) failure to accommodate; (8) failure to engage in the interactive process; and (9) intentional infliction of emotional distress. Defendant moves for judgment on the pleadings as to each of Plaintiff's claims. The Court will discuss each claim in turn.

        A.    <u>Discrimination Claims in Violation of Cal. Gov't Code § 12940(a)</u>

Plaintiff alleges Defendant discriminated against her because of her race and disability. Defendant argues Plaintiff fails to allege specific facts to support her discrimination claims. In opposition, Plaintiff argues the Complaint includes sufficient facts to support her claims.

FEHA prohibits an employer from discriminating against an employee because of age, race, color, medical condition, disability, or religious creed. Cal. Gov't Code § 12940(a). To state a claim for discrimination under FEHA, a plaintiff must show: (i) she was a member of a protected class; (ii) she was qualified for the position she sought; (iii) she suffered an adverse employment action; and (iv) the employer acted with a discriminatory motive. *Ayala v. Frito Lay, Inc.*, 2017 WL 2833401, at *7 (E.D. Cal. June 30, 2017) (citing *Lawler v. Montblanc N. Am.,*

*LLC*, 704 F.3d 1235, 1242 (9th Cir. 2013); *Guz v. Bechtel Nat'l., Inc.*, 24 Cal. 4th 317, 355 (2000)).

          *i.*  *Disability Discrimination*

"A plaintiff states a claim for disability discrimination if she alleges she (1) suffered from a disability, or was regarded as suffering from a disability, (2) could perform the essential duties of the job with or without reasonable accommodations, and (3) was subjected to an adverse employment action because of the disability or perceived disability." *Alsup v. U.S. Bancorp*, No. 2:14-CV-01515-KJM-DAD, 2015 WL 6163453, at *4 (E.D. Cal. Oct. 19, 2015) (citation and internal quotation marks omitted).

As to the first element of her claim, Plaintiff vaguely alleges she suffers "from a medical condition as defined by [California] Government Code § 12926(f)." (ECF No. 1-1 at ¶ 37.) However, Plaintiff's citation is incorrect. Section 12926(f) defines "essential functions," not "medical conditions." *See* Cal. Gov't Code § 12926(f). A "medical condition" is defined in § 12926(i) as "(1) any health impairment related to or associated with a diagnosis of cancer . . ., or (2) genetic characteristics." Cal. Gov't Code § 12926(i). Despite repeatedly alleging that she had a "medical condition," Plaintiff does not allege that she had a health impairment related to cancer or other genetic characteristics. *See id.* To the extent Plaintiff meant to allege she has a "disability" rather than a "medical condition," the Court notes that those are two distinct concepts. Section 12926(j) separately defines physical and mental disabilities, but Plaintiff does not cite to that section, use the word "disability," or include any factual allegations about a specific disability. Plaintiff merely alleges Defendant was aware of Plaintiff's medical condition and her need for accommodation for use of a scooter (ECF No. 1-1 at ¶ 27), but Plaintiff fails to allege what medical condition she suffers from that requires the use of a scooter. In ruling on a Rule 12(c) motion, the Court only considers factual allegations. *Cafasso*, 637 F.3d at 1054–1055. As written, the Complaint is devoid of any factual allegations to support Plaintiff's claim that she had a covered disability or medical condition.

It also bears mentioning Plaintiff argues for the first time in her opposition that she required an accommodation for diabetes. (ECF No. 9 at 13.) Plaintiff's assertion that she has

5

diabetes was not in her Complaint.  In deciding whether a complaint sufficiently states a claim for relief, "a court may *not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition." *Schneider v. Cal. Dep't. of Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) (emphasis added).  However, "[f]acts raised for the first time in plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice." *Broam v. Bogan*, 320 F.3d 1023, 1026 (9th Cir. 2003) (citation omitted).  As such, the Court will not consider Plaintiff's new allegations about diabetes because those allegations were not included in the Complaint, but Plaintiff may amend her Complaint if she wishes the Court to consider those allegations in the future.  As it is, Plaintiff fails to adequately plead the first element of her claim because the Complaint lacks sufficient factual allegations, rather than mere conclusions, that Plaintiff suffered from a qualifying medical condition or disability pursuant to § 12926(i) or § 12926(j).

Because Plaintiff fails to allege facts sufficient to support the first element of her disability discrimination claim — that Plaintiff suffered from a covered medical condition or disability — the Court need not analyze the other elements. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936) (stating that a court has inherent power to control the disposition of the cases on its docket for the sake of judicial economy).  However, the Court notes that the Complaint also appears to lack sufficient factual allegations as to the third element — that Plaintiff was subject to an adverse employment action *because* of her medical condition or disability. *Alsup*, 2015 WL 6163453, at *4 (emphasis added).  Instead, Plaintiff generically alleges Defendant discriminated against her by failing to engage in the interactive process of accommodation, disparately applying company practices, enforcing unlawful terms and conditions to discriminate against her due to her medical condition, and unlawfully terminating her due to her medical condition.  (ECF No. 1-1 at ¶ 42.)  Plaintiff's conclusory allegations are insufficient to state a claim. *See Cafasso*, 637 F.3d at 1054–1055.  Moreover, Plaintiff's allegations are devoid of any facts from which the Court could draw a reasonable inference that Defendant acted with a discriminatory motive specifically *because* of her medical condition. *See Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 800 (N.D. Cal. 2015) (stating that a plaintiff can demonstrate discriminatory motive by showing

"other similarly situated employees outside of the protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination"). (ECF No. 1-1 at ¶ 29.)

As a whole, Plaintiff's vague and conclusory allegations are insufficient to support a reasonable inference that Plaintiff suffered from a covered medical condition or disability or that Defendant discriminated against Plaintiff *because* of that medical condition or disability. *See Alsup*, 2015 WL 6163453, at *4. Accordingly, the Court GRANTS Defendant's motion as to Plaintiff's disability discrimination claim.

*ii.    Racial Discrimination*

To state a claim for racial discrimination, Plaintiff must allege: (1) she was a member of a protected class; (2) she was performing competently in the position she held; (3) she suffered an adverse employment action; and (4) the employer acted with a discriminatory motive. *Ayala*, 2017 WL 2833401, at *7; *see also Guz*, 24 Cal. 4th at 355. As mentioned above, a plaintiff can demonstrate discriminatory motive by showing "other similarly situated employees outside of the protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Achal*, 114 F. Supp. 3d at 800.

Plaintiff alleges that she is African American, and Defendant knew she is African American. (ECF No. 1-1 at ¶¶ 49–51.) Then, in a wholly conclusory manner, Plaintiff alleges Defendant discriminated against Plaintiff by failing to prevent discrimination and retaliation against Plaintiff because of her race, terminating her employment due to her race, and otherwise discriminating against her with regard to the terms and conditions of her employment because of her race. (*Id.* at ¶ 52.) Plaintiff does not allege that employees outside of Plaintiff's protected class were treated differently, nor does she allege other circumstances suggesting discriminatory motive. *See Achal*, 114 F. Supp. 3d at 800. Plaintiff's generic allegations that Defendant knew she is African American and "was targeting . . . minority employees" are insufficient to demonstrate discriminatory motive. (ECF No 1-1 at ¶¶ 16, 51); *see, e.g., Ravel v. Hewlett–Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1099 (E.D. Cal. 2017) (finding the plaintiff did not allege facts rising to a plausible inference of age discrimination, such as being replaced by a

7

younger employee, overhearing negative comments about age, or her age being point of discussion);*cf. McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1122 (9th Cir. 2004) (finding the plaintiff, an African American, stated a case for failure to promote based on race by showing that rather than filling the position by promoting any of the interviewees, the employer transferred a white manager into the position). Therefore, Plaintiff fails to allege facts sufficient to support a reasonable inference that Defendant acted *because* of her race.

Because Plaintiff fails to allege facts sufficient to support the fourth element of her racial discrimination claim — that Defendant acted with a discriminatory motive on the basis of her race — the Court need not and does not analyze the other three elements. *See Landis*, 299 U.S. at 254. For these reasons, the Court GRANTS Defendant's motion as to Plaintiff's racial discrimination claim.

### B. Wrongful Termination in Violation of Public Policy

Plaintiff alleges Defendant wrongfully terminated her employment in violation of public policy based on Plaintiff's race, disability, and participation in the NLRB hearing. Defendant argues Plaintiff's claim fails because (1) it is preempted by the National Labor Relations Act ("NLRA"), and (2) it is based on deficient discrimination claims. The Court will address Defendant's arguments in turn.

#### i. NLRA Preemption

In cases involving an actual or an arguable violation of either § 7 or § 8 of the NLRA, both the state and the federal courts must defer to the "exclusive competence" of the NLRB. *Commc'ns Workers of Am. v. Beck*, 487 U.S. 735, 742 (1988). NLRA § 7 protects employees' rights to join labor unions, collectively bargain, and engage in other activities for purposes of mutual aid. 29 U.S.C. § 157. NLRA § 8 prevents employers from engaging in unfair labor practices or interfering with employees' rights to join labor unions and bargain collectively. 29 U.S.C. § 158(a)(1)–(3).

Plaintiff argues that Defendant had multiple illegal reasons for firing her and that state regulation of labor activity is permitted when the activity involved is of "peripheral" concern to federal labor law. However, Plaintiff's claim for wrongful termination based on Plaintiff's union

support, if proven, would constitute a violation of § 8 of the NLRA and is subject to *Garmon* preemption. *See Henry v. Intercontinental Radio, Inc.*, 155 Cal. App. 3d 707, 715 (1984) (concluding that a wrongful termination claim based on retaliation for union-organizing is preempted by the NLRA); *Kelecheva v. Multivision Cable TV Corp.*, 18 Cal. App. 4th 521, 528 (1993) (finding that a wrongful termination claim based upon retaliation for refusing to spy on and "write up" co-workers involved in a unionization effort is preempted); *see also Clayton v. Pepsi Cola Bottling Grp.*, Civ. A. No. CV-85-5957-WMB, 1987 WL 46230, at *7 n.1 (C.D. Cal. Mar. 3, 1987). Accordingly, Plaintiff's claim for wrongful termination based on union activity is preempted by NLRA, but Plaintiff's claim for wrongful termination in violation of public policy regarding Plaintiff's race and disability is not preempted.

### ii. *Pleading Adequacy of Plaintiff's Wrongful Termination Claim*

Defendant next argues, to the extent Plaintiff's wrongful termination claim is not preempted, it fails because it is premised on deficient discrimination claims. "The elements of a claim for wrongful discharge in violation of public policy are (1) an employer-employee relationship, (2) the employer terminated the plaintiff's employment, (3) the termination was substantially motivated by a violation of public policy, and (4) the discharge caused the plaintiff harm." *Yau v. Allen*, 229 Cal. App. 4th 144, 154 (2014).

As discussed, Plaintiff does not state sufficient factual allegations to support claims for disability or race discrimination. As such, Plaintiff's derivative claim for wrongful termination in violation of public policy based on disability and race fails. *See Tumblin v. USA Waste of California, Inc.*, No. CV-16-2902-DSF-PLAX, 2016 WL 3922044, at *8 (C.D. Cal. 2016). Therefore, the Court GRANTS Defendant's motion as to the wrongful termination claim.

### C. Retaliation in Violation of Cal. Gov't Code § 12940(h)

Plaintiff alleges she engaged in protected activities by "being an African American woman with a disability who attempted to prevent illegal employment practices." (ECF No. 1-1 at ¶ 70.) Plaintiff alleges Defendant terminated her employment because of those alleged activities. (*Id.*) Plaintiff also alleges Defendant retaliated against her by firing her because she testified before the NLRB in an action brought by several union members. (*Id.* at ¶ 71.) In its

motion, Defendant argues Plaintiff's retaliation claim based on union activity is preempted by the NLRA, or alternatively, fails to state a claim.

To establish a claim for retaliation in violation of § 12940(h), a plaintiff must show "(1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005); *Ayala*, 2017 WL 2833401, at *12.

Here, Plaintiff fails to explain how being African American or having a medical condition constitutes a protected activity. Rather, a "protected activity" under § 12940(h) occurs when an employee "opposed any practices forbidden under [FEHA] or . . . filed a complaint, testified, or assisted in any proceeding under [FEHA]." Cal. Gov't Code § 12940(h); *Yanowitz*, at 1042. Plaintiff's race and medical condition do not fall within the categories of protected activities set forth in § 12940(h). Moreover, as already discussed, any claim for retaliation based on Plaintiff's union support — testifying before the NLRB — is preempted by the NLRA and subject to the exclusive jurisdiction of the NLRB. Thus, the Court GRANTS Defendant's motion as to Plaintiff's retaliation claim.

### D. Harassment

Plaintiff alleges Defendant's negative reviews about her work performance were a form of harassment used to penalize her for her protected status. Defendant argues Plaintiff's allegations are typical, necessary personnel management actions and do not rise to the level of severe or pervasive harassing conduct.

To state a claim for harassment, Plaintiff must show: (1) she is a member of a protected group; (2) she was subjected to harassment because she is a member of that protected group; and (3) the harassment was so severe or pervasive that it created a hostile work environment. *Whitten v. Frontier Commc'ns Corp.*, No. 2:12-CV-02926-TLN-EFB, 2015 WL 269435, at *14 (E.D. Cal. Jan. 21, 2015) (citing *Lawler v. Montblanc N. Am., LLC,* 704 F.3d 1235, 1244 (9th Cir. 2013); *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121 (1999)).

Plaintiff alleges Defendant harassed her by giving her negative reviews based on false

accusations and ultimately terminating Plaintiff's employment. (ECF No. 1-1 at ¶¶ 78–80.) However, reviews and termination are common necessary personnel activities that generally do not give rise to a harassment claim. *See Roby v. McKesson Corp.*, 47 Cal. 4th 686, 706 (2009), *as modified* (Feb. 10, 2010) ("[T]he exercise of personnel management authority *properly delegated by an employer* to a supervisory employee might result in discrimination, but not in harassment.") (emphasis in original). The *Roby* court explained, "harassment focuses on situations in which the *social environment* of the workplace becomes intolerable because the harassment (whether verbal, physical, or visual) communicates an offensive message to the harassed employee." *Id*. (emphasis in original). Here, Plaintiff fails to allege any facts beyond her negative review and eventual termination that made her "social environment of the workplace" intolerable. *Id.*

Further, Plaintiff only points to one negative review she was given on March 9, 2015, and that single incident is insufficient to state a claim for harassment. (*Id.* at ¶ 23); *McKenna v. Permanente Med. Grp., Inc.*, 894 F. Supp. 2d 1258, 1281 (E.D. Cal. 2012) ("Harassment cannot be occasional, isolated, sporadic, or trivial . . . rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature."). Plaintiff's bare and isolated allegation does not rise to the level of severe or pervasive conduct. *Id*. (stating that the workplace must be "permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the conditions" of employment).

For these reasons, the Court GRANTS Defendant's motion as to Plaintiff's harassment claim.

> E. <u>Failure to Prevent Discrimination in Violation of Cal. Gov't Code § 12940(k)</u>

FEHA forbids an employer failing "to take all reasonable steps necessary to prevent discrimination and harassment . . . from occurring." Cal. Gov't Code § 12940(k). To state a claim for failure to prevent discrimination, a plaintiff must show (1) she was subjected to discrimination; (2) defendant failed to take all reasonable steps to prevent the discrimination; and (3) this failure caused plaintiff to suffer injury, damage, loss or harm. *Achal*, 114 F. Supp. 3d at 804 (citing *Lelaind v. City & Cty. of San Fran.*, 576 F. Supp. 2d 1079, 1103 (N.D. Cal. 2008)).

11

"No liability can arise for failing to take necessary steps to prevent discrimination, however, except where discriminatory conduct actually took place and was not prevented." *Id.* (citing *Trujillo v. N. Cty. Transit Dist.*, 63 Cal. App. 4th 280, 289 (1998).

As discussed, Plaintiff fails to allege facts sufficient to state a claim for discrimination based on her race or medical condition, so Plaintiff's derivative claim for failure to prevent discrimination fails in relation to those claims. *See Ayala*, 2017 WL 2833401 at *8 (finding the plaintiff did not allege sufficient facts to support the existence of a discriminatory motive and so had not adequately pled her claims for discrimination and failure to prevent discrimination); *see also Featherstone v. S. Cal. Permanente Med. Grp.*, 10 Cal. App. 5th 1150, 1166 (2017), *review denied* (July 12, 2017) (stating if "a plaintiff cannot establish a claim for discrimination, the employer as a matter of law cannot be held responsible for failing to prevent same").

Accordingly, the Court GRANTS Defendant's motion as to Plaintiff's failure to prevent discrimination claim.

F. <u>Failure to Accommodate in Violation of Cal. Gov't Code § 12940(m)</u>

Plaintiff alleges Defendant knew of Plaintiff's medical condition, knew that Plaintiff requested an accommodation, and failed to accommodate her. Defendant argues Plaintiff fails to allege sufficient facts to support her claim.

To state a claim for failure to accommodate, Plaintiff must show: (1) she suffered from a disability covered by FEHA; (2) she was a qualified individual; and (3) the defendant failed to reasonably accommodate her disability. *Mohsin*, 2016 WL 4126721, at *4; *see also Jensen v. Wells Fargo Bank*, 85 Cal. App. 4th 245, 256 (2000).

Plaintiff's sole argument as to this claim in her opposition is that "Defendant was aware that Plaintiff had diabetes that would require some accommodation in her continued employment with her taking of medication and need for rest . . . [and Defendant] denied her the opportunity to continue in her position based on her perceived disability." (ECF No. 9 at 13.) As already discussed, the Court will not consider Plaintiff's new assertions about diabetes because Plaintiff did not include allegations about diabetes in her Complaint. *Schneider*, 151 F.3d at 1197 n. 1. As it stands, Plaintiffs fails provide any factual allegations about her medical condition to determine

12

whether that condition is covered by FEHA. *Mohsin*, 2016 WL 4126721, at *4. Further, although Plaintiff repeatedly alleges Defendant failed to accommodate her medical condition, the Complaint is devoid of any factual support for that otherwise conclusory allegation. As with a Rule 12(b)(6) motion, a Rule 12(c) can only be denied when the *factual* allegations of the complaint, together with all reasonable inferences, state a plausible claim for relief. *See Cafasso*, 637 F.3d at 1054–1055. Because the Complaint lacks any factual allegations about Plaintiff's medical condition and Defendant's failure to accommodate that medical condition, Plaintiff fails to state a plausible failure to accommodate claim.

For these reasons, the Court GRANTS Defendant's motion as to her failure to accommodate claim.

G. <u>Failure to Engage in the Interactive Process in Violation of Cal. Gov't Code § 12940(n)</u>

"FEHA imposes on employers a mandatory obligation to engage in the interactive process once an employee requests an accommodation for his or her disability, or when the employer itself recognizes the need for one." *Achal*, 114 F. Supp. 3d at 800. "Ordinarily, an employee is responsible for requesting accommodation for his or her disability, unless the employer itself recognizes that an employee has a need for such accommodation." *Id.* at 799 (citing *Brown v. Lucky Stores*, 246 F.3d 1182, 1188 (9th Cir. 2001)).

Plaintiff alleges only that Defendant was aware of Plaintiff's medical condition but failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations. (ECF No. 1-1 at ¶ 106.) This allegation is conclusory, devoid of factual support, and insufficient to state a claim. *See Cafasso*, 637 F.3d at 1054–1055. In opposition, Plaintiff argues for the first time that her medical condition "was considered a negative in the interview process" prior to a job offer. (ECF No. 9 at 14.) Plaintiff fails cite nor can the Court locate any such allegations in the Complaint, and it unclear that Plaintiff's argument even relates to the instant case. In any event, the Court will not consider allegations that are not present in the Complaint, and the Complaint as written lacks any factual support as to this claim. *Schneider*, 151 F.3d at 1197 n. 1.

13

Thus, the Court GRANTS Defendant's motion as to Plaintiff's claim for failure to engage in the interactive process.

### H. Intentional Infliction of Emotional Distress ("IIED")

To state a claim for IIED, a plaintiff must show, among other things, "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009). Extreme and outrageous conduct must "exceed all bounds of that usually tolerated in a civilized community." *Id.* at 1050–51. "Whether a defendant's conduct can reasonably be found to be [extreme and] outrageous is a question of law that must initially be determined by the court." *Berkley v. Dowds*, 152 Cal. App. 4th 518, 534 (2007).

Plaintiff argues that Defendant targeted her for discriminatory treatment in her employment and termination, but she fails to cite factual allegations in her Complaint that support her argument. (ECF No. 9 at 15.) Even assuming Plaintiff's Complaint contains such factual allegations, "[a] simple pleading of personnel management activity is insufficient to support a claim of [IIED], *even if improper motivation is alleged*." *Janken v. GM Hughes Electrs.,* 46 Cal. App. 4th 55, 80 (1996) (emphasis added). Personnel management activity includes, "hiring and firing, job or project assignments, office or work station assignment, promotion or demotion, performance evaluations, the provision of support, the assignment or non-assignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off." *Id.* at 64–65. Plaintiff takes issue with her negative performance evaluation and eventual termination, both of which appear to fall squarely within personnel management activities such that her claim fails. *Id.* at 80. Indeed, "[m]anaging personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society." *Id.* Plaintiff fails to support her IIED with factual allegations to suggest that Defendant's conduct was "outrageous conduct beyond the bounds of human decency." *Id.*

Accordingly, the Court GRANTS Defendant's motion as to Plaintiff's IIED claim.

///

///

14

### IV. LEAVE TO AMEND

Courts have the discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment. *See Lonberg,* 300 F. Supp. 2d at 945; *Carmen,* 982 F. Supp. at 1401. The Court cannot say that the pleading could not possibly be cured by the allegation of other or additional facts. As such, the Court GRANTS Plaintiff leave to amend the Complaint.

### V. CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings is hereby GRANTED as to all claims with leave to amend within thirty (30) days of the date of electronic filing of this Order. (ECF No. 8.)

IT IS SO ORDERED.

DATED: April 5, 2020

Troy L. Nunley
United States District Judge